IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| James Jones, ) | |
| ) | Civil Action No. 8:11-cv-01554-HMH-JDA |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Karnick, Inc., d/b/a McDonalds, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Defendant's motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Docs. 8, 16.] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## **BACKGROUND**

Plaintiff filed this action on May 5, 2011 in the Anderson County Court of Common Pleas, alleging an age discrimination claim pursuant to the Age Discrimination in Employment Act, as amended ("ADEA"); a race discrimination claim pursuant to 42 U.S.C. § 1981a and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); a gender discrimination claim pursuant to 42 U.S.C. § 1981a and Title VII; a defamation claim; and a claim pursuant to the South Carolina Payment of Wages Act. [Doc. 1-1.] On June 24, 2011, Defendant removed the action [Doc. 1], and Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) on July 1, 2011 [Doc. 8]. Thereafter, Plaintiff filed an Amended

Complaint [Doc. 14], and Defendant filed the current motion to dismiss Plaintiff's Amended Complaint[1] on August 19, 2011 [Doc. 16]. Plaintiff filed a response in opposition on November 1, 2011[2] [Doc. 18], and Defendant filed a reply on November 14, 2011 [Doc. 21]. The motion is now ripe for review.

In the Amended Complaint, Plaintiff, who is an African-American male [Doc. 14 ¶ 3] alleges that on or about June 5, 2008, he became employed as a shift manager in Defendant's Anderson County, South Carolina location [*id.* 14 ¶ 7]. Approximately three months later, Plaintiff was moved to another store in Anderson County. [*Id.* ¶ 8.] Plaintiff alleges he was terminated on September 15, 2009. [*Id.* ¶ 38–41.] At the time of his termination, Plaintiff was approximately 54 years old. [*Id.* ¶ 3.] Plaintiff alleges he was replaced by "a pretty[,] young[,] [C]aucasi[a]n female" whom Plaintiff alleges was under age 40 at the time. [*Id.* ¶ 42.] Plaintiff also alleges that, during his employment, a manager clocked Plaintiff in and out for breaks [*id.* ¶ 18] and that Defendant failed to pay Plaintiff wages that Plaintiff was entitled to be paid pursuant to the South Carolina Payment of Wages Act [*Id.* ¶ 45].

---

[1] Because the original Complaint was superseded by the Amended Complaint, the Court recommends finding as moot Defendant's initial motion to dismiss [Doc. 8]. *See Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001) (stating that "an amended pleading ordinarily supersedes the original and renders it of no legal effect" (citation omitted)).

[2] Although the response was untimely filed, the Court granted Plaintiff's motion for extension of time to file a response in opposition to the motion to dismiss. [Doc. 23.] Accordingly, the Court considers Plaintiff's response in opposition when making a recommendation on the motion to dismiss.

2

## **APPLICABLE LAW**

**Motion to Dismiss Standard**

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle her to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Further, on a motion pursuant to Rule 12(b)(6), if matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content

3

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)); *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (noting that court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

## DISCUSSION

**ADEA Claim**

With respect to Plaintiff's age discrimination claim under the ADEA, Defendant argues this claim should be dismissed because Plaintiff has failed to allege Defendant is covered by the ADEA. The Court agrees.

Under the ADEA, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). An "employer" is "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." *Id.* § 630(b). Here, Plaintiff has not alleged Defendant met the twenty-employee requirement of the ADEA. Instead, Plaintiff's Amended Complaint alleges Defendant has employed and does now

employ more than fifteen employees. [Doc. 14 ¶ 5.] This failure to allege Defendant met the twenty-employee requirement warrants dismissal of Plaintiff's age discrimination claim. *See Morrow v. Keystone Builders Res. Grp., Inc.*, No. 2:08-4119, 2010 WL 3672354, at *8 (D.S.C. Sept. 15, 2010) (dismissing a Title VII claim because the plaintiff failed to allege her employer employed the requisite number of employees for a Title VII claim and the employee numerosity requirement is an essential element of every employment discrimination claim under Title VII). Accordingly, the Court recommends that Plaintiff's age discrimination claim be dismissed.

**Title VII Claims**

With respect to Plaintiff's race and gender discrimination claims under Title VII, Defendant argues these claims should be dismissed because Plaintiff has failed to plead a prima facie case of discrimination. The Court agrees.

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff may establish a claim of unlawful discrimination under ordinary principles of proof using direct or indirect evidence, or, in the absence of direct proof[3] of an employer's intent

---

[3]The Fourth Circuit defines "direct evidence" as evidence that the employer "announced, admitted, or otherwise indicated that [the forbidden consideration] was a determining factor . . . ." *Cline v. Roadway Express, Inc.*, 689 F.2d 481, 485 (4th Cir. 1982) (citing *Spagnuolo v. Whirlpool Corp.*, 641 F.2d 1109, 1113 (4th Cir. 1981)). In other words, direct evidence is "evidence of conduct or statements that both reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision." *Fuller v. Phipps,* 67 F.3d 1137, 1142 (4th Cir. 1995), *abrogated on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).

to discriminate, by circumstantial evidence using the familiar three-step burden shifting framework[4] outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

With respect to pleading requirements in a Title VII case, in *Swierkiewicz v. Sorema N.A.*, the Supreme Court held a plaintiff pursuing a Title VII claim can survive a Rule 12(b)(6) motion to dismiss so long as the complaint satisfies the requirements of Rule 8(a), in that it gives the employer fair notice of the basis for the plaintiff's claims. 534 U.S. 506, 508 (2002) (holding an employment discrimination complaint need not contain specific facts establishing a prima facie case of discrimination under the *McDonnell Douglas* framework but instead must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief"). However, "the Fourth Circuit has interpreted *Swierkiewicz* to limit its sweep. Essentially, the Fourth Circuit has not interpreted *Swierkiewicz* as removing the burden of a plaintiff to allege facts sufficient to state a cognizable claim against the defendant." *Signal v. Gonzales*, 430 F. Supp. 2d 528, 538 (D.S.C. 2006) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002)). Moreover, in a decision issued less than one year after *Swierkiewicz* and in the context of a hostile work environment claim, the Fourth Circuit upheld dismissal of a Title VII claim under Rule 12(b)(6), finding the

---

[4]Under the burden-shifting framework, an employee must first prove a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. If the plaintiff succeeds, the burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the adverse employment action. *Id.* By providing such an explanation, the employer rebuts the presumption of discrimination created by the prima facie case, and "[t]he presumption, having fulfilled its role of forcing the [employer] to come forward with some response, simply drops out of the picture." *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 510–11 (1993) (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 (1981)). If the employer articulates a legitimate, nondiscriminatory reason, the burden shifts back to the employee to show that the articulated reason was actually a pretext for retaliation. *McDonnell Douglas*, 411 U.S. at 804; *see also Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007).

plaintiff failed to allege facts sufficient to support two of the four prima facie elements.[5] *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) ("Our circuit has not, however, interpreted *Swierkiewicz* as removing the burden of a plaintiff to allege facts sufficient to state all the elements of her claim.").

To establish a prima facie case of discrimination, a plaintiff must allege facts showing (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was performing his job duties at a level that met the employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class.[6]  *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) (citing *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 607 (4th Cir. 1999), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003)).  Here, Plaintiff's allegations in the Amended Complaint are likely sufficient to satisfy, at this stage of the litigation, elements

---

[5]There is an obvious tension between *Swierkiewicz* and *Bass*.  As the District Court for the Middle District of North Carolina has noted, "By continuing to apply a heightened pleading standard after *Swierkiewicz*, the Fourth Circuit is at odds with the Supreme Court's clear pronouncement that all elements of a prima facie case need not be supported with factual pleadings in order to survive a motion to dismiss." *Cockerham v. Stokes Cnty. Bd. of Ed.*, 302 F. Supp. 2d 490, 495 (M.D.N.C. 2004).  However, in *Cockerham*, the court also noted it was "bound to follow the Fourth Circuit's interpretation of *Swierkiewicz*." *Id.; see also Signal*, 430 F. Supp. 2d at 538 n.3 (stating the court was bound to follow the Fourth Circuit's interpretation of *Swierkiewicz*); *Hoffman v. Baltimore Police Dep't*, 379 F. Supp. 2d 778, 792 n.12 (D. Md. 2005) (same).  This Court is also bound to follow the Fourth Circuit's interpretation of *Swierkiewicz*.

[6]Although a plaintiff must ordinarily show he was replaced by someone outside the protected class, the Fourth Circuit has held there are exceptions to the fourth prong.  See *Miles v. Dell, Inc.*, 429 F.3d 480, 485–90 (4th Cir. 2005) (discussing possible exceptions).  Because, as discussed below, Plaintiff alleges he was replaced by someone outside the protected class, the exceptions are not at issue in this case.

(1), (2), and (4) of a prima facie case of discrimination,[7] but even viewing the facts in the light most favorable to Plaintiff, Plaintiff offers no factual allegations in support of element (3)—that Plaintiff was performing his job duties at a level that met Defendant's legitimate expectations at the time of the termination.[8] Moreover, the Amended Complaint is devoid of any facts from which to infer race- or gender-based discrimination.[9] Plaintiff does not even allege his termination was race- or gender-related.[10] Instead, he merely alleges he "noticed [he] had been[]replaced by [] a pretty[,] young[,] [C]aucasi[a]n female." [Doc. 14

---

[7]The Amended Complaint alleges: (a) Plaintiff is African-American [Doc. 14 ¶ 3] and male [*id.*], i.e., that he is a member of protected classes; (b) he was terminated [*id.* ¶ 41], i.e., that he suffered an adverse employment action; and (c) he was replaced by a Caucasian female [*id.* ¶ 42], i.e., that the position was filled by someone outside the protected classes.  The Court notes, however, Plaintiff does not allege his replacement was similarly situated to Plaintiff.  *See Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 191 (4th Cir. 2010) (holding the district court correctly concluded the complaint failed to state a Title VII race discrimination claim where the complaint failed "to establish a plausible basis for believing [employees the plaintiff alleged to have been treated differently from the plaintiff] were actually similarly situated or that race was the true basis for [the plaintiff's] termination").

[8]Plaintiff argues it can be inferred that Plaintiff was performing at a level that met Defendant's legitimate expectations because one of Defendant's shift leaders told Plaintiff, "We have been trying to fire you for a long time, we just don't have a reason yet . . . ." [Doc. 19 ¶¶ 20, 26.]  However, a review of the Complaint reveals Plaintiff did not quote the entire allegation from the Amended Complaint in his response in opposition to the motion to dismiss.  The entire allegation from the Amended Complaint states, "On or about August 26, 2009, Salina, one of Defendant's shift leaders, in the presence of Plaintiff and others told Plaintff 'We have been trying to fire you for a long time, we just don't have a reason yet.  We know of you stealing money, but we just can't prove it.'" [Doc. 14 ¶ 23.]  Instead of supporting an inference that Plaintiff was performing at a level that met Defendant's legitimate expectations, as discussed *supra* note 9, this allegation actually supports an inference Defendant had a nondiscriminatory reason to terminate Plaintiff.

[9]The only factual allegation in the Amended Complaint that implies racial animus is that the area manager told Plaintiff she believed another employee instead of Plaintiff because the other employee was Caucasian. [Doc. 14 ¶ 36.]  However, this single allegation is insufficient to state a claim of race discrimination because Plaintiff failed to allege the statement was connected in any way to the adverse employment action.  The Amended Complaint contains no gender-related factual allegations to support a gender discrimination claim.

[10]In fact, Plaintiff's allegation that a shift leader told Plaintiff, "We have been trying to fire you for a long time, we just don't have a reason yet.  We know of you stealing money, but we just can't prove it," [Doc. 14 ¶ 23] cuts against any argument Plaintiff's termination was race- or gender-related.  This allegation actually implies Defendant had a non-race- or gender-related reason to terminate Plaintiff—that Defendant believed Plaintiff was stealing.  In any event, nowhere in the Amended Complaint does Plaintiff allege he was terminated *because of* his race or gender.

¶ 42.] Plaintiff has failed to plead facts to support his claims under Title VII; accordingly, the Court recommends Plaintiff's race and gender discrimination claims be dismissed.

**State Law Claims**

State law claims can be heard by this Court through the exercise of "supplemental jurisdiction," which allows federal courts to hear and decide state law claims along with federal law claims. *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 387 (1998). The state law claims must be "so related" to the federal law claims "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Federal courts are permitted to decline supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* § 1367(c). Because the Court has recommended dismissing Plaintiff's federal claims over which it would have original jurisdiction, the Court recommends declining to exercise supplemental jurisdiction over Plaintiff's state law claims under § 1367(c)(3). *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants." (citing *Davis v. Pak*, 856 F.2d 648, 652 (4th Cir. 1988))).

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that (1) Defendant's motion to dismiss [Doc. 8] be FOUND AS MOOT and (2) Defendant's motion to dismiss [Doc. 16] be GRANTED as to Plaintiff's federal claims, and the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin  
United States Magistrate Judge

November 30, 2011  
Greenville, South Carolina