IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| James Jones, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:11-1554-HMH-JDA |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Karnick, Inc. d/b/a | ) | |
| McDonalds, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] James Jones ("Jones") alleges racial and gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). In addition, Jones alleges an age discrimination claim under the Age Discrimination in Employment Act ("ADEA"). Further, Jones alleges a defamation claim and a claim for violation of the South Carolina Payment of Wages Act. The Defendant moves to dismiss Jones' claims alleged in his Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief. In her Report and Recommendation, Magistrate Judge Austin recommends granting the Defendant's motion and declining to exercise

---

[1]The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit it with instructions. 28 U.S.C. § 636(b)(1).

1

supplemental jurisdiction over the state law claim. Jones filed objections to the Report and Recommendation. For the reasons stated below and after a de novo review, the court grants the Defendant's motion to dismiss.

## I. Factual Background

According to the amended complaint, Jones, an African American male, was employed by the Defendant as a shift manager beginning on June 5, 2008, at one of the Defendant's Anderson County locations. (Am. Compl. ¶ 7.) Jones was transferred to another Anderson County store three months later. (Id. ¶ 8.) Further, on August 26, 2009, one of the Defendant's shift leaders, allegedly said to Jones in the presence of others that "We have been trying to fire you for a long time, we just don't have a reason yet. We know of you stealing money, but we just can't prove it." (Id. ¶ 23.) In addition, on September 14, 2009, Ada Medina, an area manager, allegedly accused Jones of not testing the meat in the mornings based on a report from another employee and further stated that she believed the other employee rather than Jones because she was white. (Id. ¶¶ 32-36.) Jones was allegedly terminated on September 15, 2009, and replaced by a "pretty[,] young[,] [C]aucasi[a]n female" that was younger than 40 years old. (Id. ¶¶ 9, 42.) Jones was 54 years old at the time of his termination. Further, Jones alleges that a manager of the Defendant clocked him in and out for breaks and failed to pay him wages for this time which he is entitled to under the South Carolina Payment of Wages Act. (Am. Compl. ¶ 18.)

## II. THE REPORT AND RECOMMENDATION

Magistrate Judge Austin recommends granting the Defendant's motion to dismiss (1) on the ADEA claim because Jones has failed to allege that the Defendant met the twenty employee requirement to be an employer covered under the ADEA; and (2) on the Title VII gender and racial discrimination claims because Jones had failed to allege a prima facie case of discrimination in that the amended complaint is devoid of any factual allegations that Jones was performing his job duties at a level that met the employer's legitimate expectations or that race or gender motivated the decision to terminate Jones. (Report & Recommendation, generally.)

## III. JONES' OBJECTIONS

Jones specifically objects to the magistrate judge's Report and Recommendation, arguing that he has sufficiently alleged the twenty employee requirement to state a claim of age discrimination under the ADEA and that he was meeting his employer's legitimate expectations at the time of his termination to allege a prima facie case of racial and gender discrimination under Title VII. (Objections, generally.)

## IV. LEGAL DISCUSSION

### A. Motion to Dismiss Standard

When presented with a Rule 12(b)(6) motion to dismiss, the court must restrict its inquiry to the sufficiency of the complaint rather than "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks

omitted). Under this plausibility standard, the court should "assume th[e] veracity" of well-pled factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

### B. Title VII–Racial Discrimination

Jones alleges that the Defendant terminated him because of his race and gender in violation of Title VII. Jones objects that the Report and Recommendation "erroneously finds that [he] adequately failed to plead a prima facie case of discrimination [under] Title VII." (Objections 2.) In Swierkiewicz v. Sorema N.A., the Supreme Court held that a plaintiff is not required to allege facts to establish "a prima facie case under McDonnell Douglas . . . in order to survive a motion to dismiss." 534 U.S. 506, 511 (2002). Thus, the Supreme Court found that "the ordinary rules for assessing the sufficiency of a complaint apply" in a Title VII case, and "under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the McDonnell Douglas framework does not apply in every employment discrimination case." Id. The Fourth Circuit "has not . . . interpreted *Swierkiewicz* as removing the burden of a plaintiff to allege facts sufficient to state all the elements of [a plaintiff's] claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (finding that Bass "failed to allege facts sufficient to support at least the second and third elements of her hostile work environment"). In Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002), the Fourth Circuit held that "the Supreme Court's holding in Swierkiewicz v. Sorema did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim." See also Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002). "By continuing to apply a heightened pleading standard after

*Swierkiewicz*, the Fourth Circuit is at odds with the Supreme Court's clear pronouncement that all elements of a prima facie case need not be supported with factual pleadings in order to survive a motion to dismiss." Cockerham v. Stokes County Bd. of Educ., 302 F. Supp. 2d 490, 495 (M.D.N.C. 2004). However, the court is "bound to follow the Fourth Circuit's interpretation of *Swierkiewicz*." Id.; Signal v. Gonzales, 430 F. Supp. 2d 528, 538 n.3 (D.S.C. 2006). Thus, in order to survive a motion to dismiss, Jones must sufficiently allege a prima facie case of gender or race discrimination as described in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-805 (1973).[2]

> To demonstrate the prima facie case of sex or age discrimination under the pretext framework, the plaintiff must show that (1) []he is a member of a protected class; (2) []he suffered adverse employment action; (3) []he was performing h[is] job duties at a level that met h[is] employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class.

Hill, 354 F.3d at 285.

"Title VII prohibits discrimination based only on certain enumerated factors . . ." such as race. Archuleta v. Colorado Dept. of Insts., Div. of Youth Servs., 936 F.2d 483, 487 (10th Cir. 1991). "Title VII does not ensure that employees will always be treated fairly or that they will be discharged only for meritorious reasons. Although the dismissal of an employee without cause may contribute to an inference of unlawful discrimination, it does not require such a finding." Id.

---

[2] There are two methods of proving a discrimination claim under Title VII: (1) establishing discrimination through direct or circumstantial evidence that the protected trait motivated the employer's adverse employment decision, or (2) establishing discrimination under the McDonnell Douglas framework. Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284-85 (4th Cir. 2004); James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 375 (4th Cir. 2004) (applying Hill to racial discrimination Title VII claim).

The magistrate judge found that Jones had failed to allege the third element of a prima facie case that he had met his employer's legitimate expectations. (Report & Recommendation 10.) Jones alleges that the following allegation in his amended complaint supports the inference that he was performing his job at a satisfactory level: "On or about August 26, 2009, Salina, one of Defendant's shift leaders, in the presence of Plaintiff and others told Plaintiff 'We have been trying to fire you for a long time, we just don't have a reason yet. We know of you stealing money, but we just can't prove it.'" (Am. Compl. ¶ 23.) Jones continues that "[i]f Defendant did not have a reason to terminate plaintiff, then obviously he was performing his job [] at a level to meet his employer's legitimate expectations." (Objections 6.) The only inference that can be drawn from this allegation is that the Defendant believed Jones was stealing but would not terminate him without cause. The amended complaint is devoid of any factual allegations that Jones was performing his job at a level that met the Defendant's legitimate expectations at the time of his termination on September 15, 2009. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft, 129 S. Ct. at 1949 (internal quotation marks omitted). Based upon the foregoing, this court finds that Jones has failed to plausibly allege the third element of a prima facie case of race or gender discrimination.

Further, as the magistrate judge noted, the amended complaint is devoid of any factual allegations suggesting that race or gender motivated the decision to terminate Jones. See Lee v. Lacy, Civil Action No. 7:07CV00488, 2008 WL 410127 at *3 (W.D. Va. Feb. 12, 2008) (unpublished) (dismissing case because plaintiff alleged "no facts that any of the defendants' actions were motivated by discrimination based on his race, sex or religion, or that defendants

6

treated other employees differently because of their race, sex or religion"). The amended complaint merely alleges that Jones was replaced by a pretty, young, Caucasian woman and that Ada Medina, an area manager, stated that she believed a Caucasian, female employee rather than Jones because Jones was black. (Am. Compl. ¶¶ 36, 42.) Jones' reference to one incident in which the inference could be drawn that Ada Medina found Jones to be less credible because he was African American fails to plausibly state a claim that Jones' termination was because of his race or gender. This incident arose when another employee claimed that Jones was not testing his meat in the morning. (Id. ¶ 33.) Allegedly, Ada Medina indicated that she believed the other employee rather than Jones because she was Caucasian. (Id. ¶ 36.) There is no allegation connecting this statement in any way with Jones' termination the next day.

Further, Jones' argument that Leo Medina, a "controlling member" of the Defendant, at some point came into the store and yelled that "All you m___ f_____s are lazy!" supports the factual inference that "Medina was complaining that black people are lazy" fails as this statement was race neutral. (Id. ¶¶ 11-16.); (Objections 6.) Based on the foregoing, Jones' Title VII claims are dismissed.

### C.  ADEA

Jones alleges that the Report and Recommendation "erroneously finds that the Plaintiff failed to adequately plead the numerosity requirements of 29 U.S.C. § 623(a)(1)." (Objections 2.) To be covered under the ADEA, the Defendant must be an employer as that term is defined in the Act. Under the ADEA, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b).

Citing <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 511 (2002), Jones argues that "[a] civil rights plaintiff need not plead facts that constitute a prima facie case under the framework of *McDonnell Douglas* in order to survive a Motion to Dismiss." (Objections 3.) In <u>Swierkiewicz</u>, the Supreme Court held that a plaintiff was not required to plead facts that would constitute a prima facie case under <u>McDonnell Douglas</u> because it imposed a heightened pleading requirement for a Title VII claim as a plaintiff can state a claim for relief under Title VII without meeting those requirements. In contrast, the employee numerosity requirement is essential to every ADEA case as it is in every Title VII case. <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 516 (2006) (holding "that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue"); <u>Morrow v. Keystone Builders Resource Group, Inc.</u>, Civil Action No. 2:08-4119-CWH, 2010 WL 3672354, at *6 (D.S.C. Sept. 15, 2010) (unpublished) ("[T]he *McDonnell Douglas* standard is an evidentiary standard, not a pleading requirement. It does not apply in every employment discrimination case. The *McDonnell Douglas* prima facie case requirements are flexible; they are 'not necessarily applicable in every respect to differing factual situations.'" (internal citations omitted)).

> The employee numerosity requirement . . . is an essential element of *every* employment discrimination claim under Title VII. Thus, requiring a plaintiff to make such an allegation does not impose a heightened pleading requirement and is consistent with Fed.R.Civ.P. 8(a)(2)'s prescription that 'a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."'

<u>Id.</u> Jones alleges in his amended complaint that the Defendant "employ[s] more than 15 employees." (Am. Compl. ¶ 5.) Jones argues that "the allegation that Defendant employ[]s

8

more than 15 employees factually infers factually [sic] at least 20 employees." (Objections 4.) The court disagrees. The employee numerosity requirement is an element of a plaintiff's ADEA claim that must be pled. Jones has failed to allege that the Defendant has at least 20 employees, an essential element of his claim. Therefore, this claim is dismissed for failure to state a claim.

Based on the foregoing, the court adopts Magistrate Judge Austin's Report and Recommendation and grants the Defendant's motion to dismiss the amended complaint for failure to state a claim for relief. Further, the court declines to exercise supplemental jurisdiction over Jones' state claims.

It is therefore

**ORDERED** that the Defendant's motion to dismiss the amended complaint, docket number 16, is granted and the court declines to exercise supplemental jurisdiction over Jones' state law claims. It is further

**ORDERED** that the Defendant's motion to dismiss the original complaint, docket number 8, is dismissed as moot.

**IT IS SO ORDERED.**

                                                 s/Henry M. Herlong, Jr.
                                                 Senior United States District Judge

Greenville, South Carolina
January 3, 2012